UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:08-CR-52 |
| V. ) | District Judge Greer |
| ) | Magistrate Judge Inman |
| TIMOTHY SHANE EASTON ) | |

**SECOND REPORT AND RECOMMENDATION**

The United States has filed a "Motion For Judgment On Forfeiture Of Bond." (Doc. 55). This motion was referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b) for order, or report and recommendation, as may be appropriate. The relief requested by the United States, *viz*, judgment on the forfeiture of defendant's bond, is "dispositive" in the sense of 28 U.S.C. § 636. Therefore, a report and recommendation is the appropriate vehicle through which the magistrate judge should address this motion.

The magistrate judge filed a report and recommendation on July 31, 2008,[1] to which the defendant filed an extremely non-specific objection. In considering that objection, the district judge noted that the magistrate judge prematurely filed his report and recommendation, as a result of which the district judge "re-referred" the matter to the magistrate judge to consider anew.[2] The magistrate judge thereupon directed defendant's attorney to respond to the United States' motion within ten days, and to state therein if he believed an evidentiary hearing was necessary and, if he did, what issues of fact exist and how those facts (if resolved in defendant's favor) would affect the

---

[1] Doc. 61.

[2] Doc. 70.

court's resolution of the United States' motion.[3] The defendant filed no response.

No evidentiary hearing is necessary, inasmuch as all the evidence necessary to a resolution of the United States' motion is in the court file, of which judicial notice can be taken.

(1) Defendant first appeared before this court on May 21, 2008. *See*, docket entry, 5/21/08.

(2) On May 21, 2008, this court granted pretrial release to the defendant on various conditions. *See*, Docs. 4, 11.

(3) One of those conditions was that defendant execute a $20,000.00 unsecured bond. *See*, Doc. 11, Doc. 10.

(4) Immediately after his release on conditions, defendant failed to maintain any contact with his supervising probation officer. *See*, Doc. 33.

(5) Upon petition of the United States Probation Office, this court issued a warrant for defendant's arrest. *See*, Doc. 33.

(6) Defendant's counsel filed a motion requesting permission to withdraw on the basis that his client had failed to contact him. *See*, Doc. 35, 36.

(7) The United States Marshals Service arrested defendant in Morristown, Tennessee, on July 12, 2008, (*see* docket entry for July 12, 2008), and he was brought before this court on July 14, 2008. *See*, Doc. 40.

(8) Defendant's pretrial release was revoked that same day. *See*, Doc. 42.

As the records of this court show, defendant immediately violated the conditions of his pretrial release; specifically, he absconded until he was located in Morristown, Tennessee, and arrested by Deputy United States Marshals.

---

[3]Doc. 71.

2

Case 2:08-cr-00052-JRG   Document 72   Filed 09/05/08   Page 2 of 3   PageID #: 132

It is respectfully recommended that the United States' motion for judgment on forfeiture of bond (Doc. 55) be granted.[4]

Respectfully submitted,

     s/ Dennis H. Inman
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).