UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:08-CR-52(04) |
| | ) | |
| TIMOTHE SHANE EASTON | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on September 20, 2010, for a hearing in regard to whether or not the defendant has violated the terms of his supervised release. On March 2, 2009, the defendant pled guilty to Count 2 of the indictment which charged him with selling or otherwise disposing of a firearm to a convicted felon. On that date, he was sentenced to time served to be followed by three (3) years of supervised release which began the same day.

At his revocation hearing, the defendant stipulated and pled guilty to the following violations:

**Violation Number**      **Nature of Noncompliance**

    1     **Special Condition 1:** The defendant shall reside at Midway Rehabilitation Center and abide by all rules and conditions of the program for a period of six (6) months.

    On December 21, 2009, he was discharged from Midway for viola-

tions of the rules and conditions.

| 2 | **Standard Condition No. 6:** The defendant shall notify the probation officer ten days prior to any change in residence or employment. |

After his discharge from Midway on December 21, 2009, he failed to report his change in residence to probation and absconded.

| 3 | **Standard Condition No. 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

On December 21, 2009, the defendant was told was told by Steve McNish at Midway to report his discharge from Midway to probation but he did not.

Therefore, the Court **FINDS** that the defendant is guilty of Violation Nos. 1 , 2 and 3. It was undisputed that the defendant's violation guideline range is from three (3) to nine (9) months based upon his Grade "C" violations. However, his statutory maximum is twenty-four (24) months. The parties have agreed that an appropriate sentence for the defendant is "time served" to be followed by a thirty (30) month term of supervised release. This agreement will be approved because it is a reasonable and appropriate disposition.

In addition, the Court FINDS that a sentence of "time served" which is approximately six (6) months is "a sentence sufficient but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a). Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is revoked and he is sentenced to serve a

term of incarceration of time served which is to be followed by a term of thirty (30) months of supervised release.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. While on supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this Court in Local Rule 83.10, and shall not illegally possess a controlled substance .

In addition, it is also hereby **ORDERED** that the defendant shall comply with the following special conditions:

1. The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Drug treatment my include in-patient or intensive out-patient treatment.

   SO ORDERED

   ENTER:

                                         s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE